## MARTHA S. McCORMICK ET AL. *v.* NOBLE L. MITCHELL, TRUSTEE.

*Trustee's Account and Report—Exceptions—Impertinent Matter—Striking Out.*

In a trustee's account and report, a declaration as to his diligence in the administration of the trust, and his regret that the demand made by the beneficiaries for a bond from him, and a change of investments, would reduce the income, was impertinent and subject to be stricken out, as were allegations in written objections to the report filed by the beneficiaries as to the reasons for the demand. p. 17

Where exceptions filed to a trustee's account and report contain proper matter in the form of objections to specific items, an order striking all the exceptions from the files because of impertinent matter therein, without specifying the matter to be omitted, in preparing new exceptions, is erroneous.     p. 18

*Decided June 30th, 1925.*

Appeal from the Circuit Court for Harford County, In Equity (HARLAN, J.).

Exceptions by Martha S. McCormick and Edwin H. Webster, committee of Harriet M. Gilbert, a *non compos mentis,* to a report filed by Noble L. Mitchell as trustee under the will of A. Octavia G. Sawyer, deceased. From an order striking out the exceptions as filed, said exceptants appeal. Reversed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, PARKE, and WALSH, JJ.

*John S. Young,* for the appellants.

BOND, C. J., delivered the opinion of the Court.

Martha S. McCormick, as a beneficiary under the will of A. Octavia G. Sawyer, late of Harford County, applied to the circuit court of that county to have it assume jurisdiction over the administration of a trust under the will by Noble L. Mitchell, the trustee, and prayed that the trust fund be invested in good mortgages or other securities ,and that the trustee be required to give bond. A decree was passed accordingly, on March 14th, 1923. And on June 15th, 1923, the trustee filed a first report and account, at the end of which he added a paragraph declaring that he had administered the trust faithfully and so as to yield the best possible results for the beneficiaries, and that he regretted the reduction of income which would follow the change of securities demanded, to pay the annual premium on his bond, and for court charges. The court by its order ratified and confirmed this

report and provided that the surplus principal in the trustee's hands should be invested in United States Liberty Bonds.

To this report all the beneficiaries, now the appellants, filed written objections. They objected, all in good form, that the trustee in his report and account failed to charge himself with interest on certain items of the trust funds, that one item which was stated as an investment by him, a note, was also shown as a note held by the testatrix at the time of her death, and was shown paid, and that other investments shown were not well made. Then the trustee's declaration that he had administered the trust diligently and that he regretted the reduction of income which the demands of the beneficiaries would cause, is taken up by the exceptants and combatted in a somewhat argumentative manner, with allegations of necessity for the action of the beneficiaries by reason of bad financial condition of the trustee personally, lack of information to the beneficiaries as to the investments made of the funds, and a putting off by the trustee of a report and accounting. Although the reply was, perhaps, invited by the trustee's declaration, neither that declaration nor the reply to it were relevant to the rights of the case, and according to the strict rules of equity pleading were therefore impertinent and subject to be stricken out, either of them or both of them. *Price v. Tyson,* 3 Bland, 392, 400 to 404. "The best test by which to ascertain whether the matter be impertinent is to try whether the subject of the allegation could be put in issue and would be matter proper to be given in evidence between the parties." Chancellor Kent, in *Woods v. Morrell,* 1 Johns Ch. 103, quoted in *Story, Equity Pleading,* sec. 266 n. And here the particular circumstances which moved the exceptants to act could add nothing to their right to the account, the bond, and the change of investments, because their right was clear on general principles, and had been allowed as a matter of course.

No objection to the exceptions thus filed was raised by the trustee, but the court, of its own motion, ordered the exceptions as a whole stricken out because they appeared to it to

be "scurrilous and irrelevant." The order gave leave to the exceptants to file new objections in proper and decorous form, but the parties declined to do so, and appealed from the order.

The appellants argue that their written exceptions present all the grounds of exception which arise from the facts, and as all have been stricken from the files without discrimination as to any portion which may be considered relevant, and the exceptants are, therefore, without any guide for the preparation of new exceptions, the effect of the order as it stands is to deny them the benefit of such proceeding. There may be some question of the need of an appeal to meet this objection, but the argument seems to this Court to be a valid one. Ordinarily, in exceptions filed by a party the matter excepted to as impertinent is clearly specified, or, if not, the exceptions to the whole paper containing it are defective and cannot prevail if there is any proper, relevant matter in the paper. 1 *Daniell, Chancery Practice*, 759 n. And an order sustaining such specific exceptions clearly enough limits the exclusion to the matter specified. Here there is, obviously, proper matter in the objections to the specific items of the account; and in our opinion, good practice required that the matter to be omitted in preparing new exceptions be specified. The order will, therefore, be reversed in order that the matter to be omitted be specified and the exceptants be given an opportunity to prepare new exceptions accordingly.

> *Order reversed and cause remanded for further proceedings in accordance with this opinion, costs to be paid out of the trust fund.*